NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE TERMINATION OF PARENTAL
RIGHTS AS TO L.K.

No. 1 CA-JV 25-0155

FILED 03-13-2026

Appeal from the Superior Court in Maricopa County
No. JS521210
The Honorable Glenn A. Allen, Judge

**AFFIRMED**

COUNSEL

Erin F., *Protected address*
*Appellant*

Denise Lynn Carroll, Scottsdale
By Denise L. Carroll
*Counsel for Appellee Richard K.*

_____

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the court, in which Judge Anni Hill Foster and Chief Judge Randall M. Howe joined.

_____

**G A S S**, Judge:

¶1 Mother brought a private termination to terminate father's parental rights. The superior court found mother proved the abandonment ground but failed to prove it would be in the child's best interests to terminate father's parental rights. Mother appeals the superior court's best interests' findings. Though father did not cross-appeal, he challenges the superior court's abandonment finding. Because reasonable evidence supports the superior court's best interests' finding, the court affirms.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 Because the superior court is in the best position to evaluate the evidence, the testimony, and the credibility of the witnesses, the court will not reweigh the evidence. *In re J.C.*, 259 Ariz. 60, 68 ¶ 34 (App. 2024).

¶3 Mother and father have a child (born in 2013) in common. Father was present at the child's birth and took part in the child's life for the first 4 years. Though mother and father established father's paternity at birth, mother and father never sought court orders establishing legal decision-making or parenting plans. They also did not establish any informal arrangements. The parties had a child support order at some point, though mother said father paid nothing. Father disagreed, saying he made some payments, but he acknowledged being delinquent.

¶4 When the child was 4, father fell on hard times and acknowledged mother filled the gap and was a great parent, at least at first. Father says mother later began interfering with his relationship with the child. In response, mother said father has not contacted the child since 2018. She also said he is responsible for the lack of parental relationship, in large part because of his 2020 incarceration.

¶5 In 2020, the superior court incarcerated father for 3.5 years on drug possession charges. Father says while in prison, he sent about 30 letters to the child, and neither the child nor mother responded to them. While incarcerated, father completed at least 8 programs, including

programs on parenting, anger management, and substance abuse. Since his release, father secured employment and housing.

**¶6** In 2025, mother sought to terminate father's rights based on abandonment and chronic substance abuse. At the time of the termination adjudication, mother said the child was well adjusted and doing well in school. Mother worried what would happen if father was reintroduced into the child's life because of father's history of substance abuse, including a 2025 arrest. Mother said the child supported terminating father's rights. She said the child wrote a letter and offered to provide it to the superior court, which the superior court did not admit.

**¶7** The superior court held a contested adjudication, at which mother represented herself. Following the adjudication, the superior court found mother proved (by clear and convincing evidence) abandonment but did not prove (by a preponderance of the evidence) termination of father's rights was in the child's best interests.

**¶8** In explaining its best interests' findings, the superior court said mother failed to present supporting evidence. First, the superior court noted mother did not seek to terminate father's rights so the child could be adopted. "Rather, Mother testified that Father was a 'POS' and she wanted him 'erased' from their lives." Second, the superior court said mother's case in chief lasted only a few minutes, the superior court admitted none of her exhibits, and mother did not sufficiently articulate a benefit to the child if the superior court granted the termination. As to a detriment, though mother expressed concern about the potential harm if father came back into the child's life, the superior court noted the parents never sought family court orders and father had not tried "to interact with the child or interfere with Mother's ability to parent the child."

**¶9** The court has jurisdiction over mother's timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A, 12-120.21.A.1.

## DISCUSSION

### I. Because father did not file a cross-appeal, he waived any challenge to the superior court's abandonment findings.

**¶10** A party must file a cross-appeal if the cross-issue (1) supports the judgment (not merely the ultimate disposition), (2) was presented to and considered by the superior court, and (3) does not enlarge the appellee's rights or lessen the appellant's rights. *Bills v. Ariz. State Bd. of*

*Educ.*, 169 Ariz. 366, 370 (App. 1991) (recognizing a party may waive substantive issues by failing to file a cross-appeal); *see also* Ariz. R. Civ. App. P. 13(b)(2) (saying appellate courts may not reduce an appellant's rights without a cross-appeal).

**¶11**     Though the superior court denied mother's petition, father needed to cross-appeal the abandonment finding under the first and third *Bills* factors. *See Bills*, 169 Ariz. at 370. As to the first factor, father's challenge merely supports the ultimate disposition, which is the denial of mother's petition. *See id.* As to the third factor, the relief father seeks would enlarge father's rights as he would no longer be under an abandonment finding. *See id.* Father thus had to cross-appeal if he wanted to challenge the superior court's abandonment finding. *See id.*

**¶12**     Because the court will not consider father's challenge to the abandonment finding, the court need not address mother's arguments about "just cause."

## II.     The superior court did not abuse its discretion when it found termination of father's parental rights was not in the child's best interests.

**¶13**     The court must affirm the superior court's legal conclusion about best interests unless "clearly erroneous." *See In re J.C.*, 259 Ariz. at 68 ¶ 34 (cleaned up).

**¶14**     The superior court determines a child's best interests by a preponderance of the evidence. *Id.* at 74 ¶ 73. When the superior court finds a parent unfit, it must consider the totality of the circumstances when determining best interests, looking at both the unfit parent's interests in the child's care and custody and the child's need for a safe and stable home. *See id.* In doing so, the superior court assesses the benefits of terminating the relationship or the harm of continuing it, considering factors such as the child's adoptability and the parent's rehabilitation. *See id.* A child may benefit from termination if an adoption plan is in place or the child is adoptable. *Id.* ¶ 74. Conversely, harm may exist if the unfit parent's unremedied unfitness affects the child's well-being. *Id.*

**¶15**     Mother argues the superior court clearly erred when it found termination of father's rights was not in the child's best interests. She argues the child "resides in a stable, loving home with" mother and excels "in academics, sports, and social activities." And though the superior court did not admit the child's letter, she argues the child "has expressed in writing that [the child] neither knows nor desires a relationship with" father.

4

Ultimately, she says, allowing father "to retain parental rights would subject [the child] to potential harm, instability, and uncertainty."

**¶16**      At bottom, mother asks the court to reweigh the evidence and rule in her favor, which the court will not do. *See id.* at 68 ¶ 34.

## CONCLUSION

**¶17**      The court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:      JR